UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 OCT 28 P 3: 21
US DISTRICT COURT
HARTFORD CT

DONALD QUIRK

v.

MARILYN STUART, M.D.

PRISONER
CASE NO. 3:02CV1729(DJS)(TPS)

RULING AND ORDER

Pending are several motions filed by plaintiff and defendant relating to the discovery process and plaintiff's motion for a transfer to Woodward Hall.

I. <u>Defendant's Motion for Sanctions & Plaintiff's Motion for Stay</u>

Defendant asks the court to dismiss this case as a sanction for plaintiff's willful failure to respond to her June 13, 2003 interrogatories. For the reasons that follow, defendant's motion is denied.

Defendant's attorney states that he sent plaintiff interrogatories on June 13, 2003. When plaintiff failed to respond within thirty days as required, he wrote to plaintiff reminding him of the deadline and asking for a response within two weeks. Plaintiff has not responded to the letter or the interrogatories. Defendant states that she cannot proceed in this matter and defend against plaintiff's allegations until she receives the responses.

Plaintiff has not opposed the motion for sanctions. He has, however, filed a motion asking the court to stay all proceedings in this case with the exception of his motion for transfer. He states that he has been assaulted by another patient and "[i]t is impossible to do anything under the circumstances that exist here." The defendant notes, however, that during the thirty-day period following service of the June 13, 2003 interrogatories, plaintiff filed seven declarations in this case and four documents in Quirk v. Mullaney, Case No. 3:00cv1042(DJS)(TPS). The court has verified that plaintiff filed these documents during the time for responding to defendant's interrogatories. Even if plaintiff's conditions of confinement were unpleasant, plaintiff has not provided any explanation why he could not have responded to the interrogatories, or request additional time within which to respond, during this period when he was able to submit eleven other documents to the court.

The court considered a similar issue in Torres v. Levesque, No. 3:00cv2295 (GLG) (D. Conn. Sept. 14, 2001) (ruling dismissing case for plaintiff's failure to cooperate in deposition), aff'd, Nos. 01-253 & 01-261 (2d Cir. Nov. 26, 2002). In that case the district court had warned plaintiff prior to dismissing the case that his failure to fully participate in his deposition would result in dismissal.

Unlike the situation above, the court has not warned plaintiff that failure to cooperate in discovery would result in

2

the dismissal of this case. Accordingly, defendant's motion for sanctions [doc. #65] is denied without prejudice. Plaintiff's motion for stay [doc. #64] is denied as well. Plaintiff is directed to submit his responses to the June 13, 2003 interrogatories to defendant's attorney within twenty days from the date of this order. Failure to comply with this order may result in the dismissal of this case. If plaintiff fails to submit his responses to the interrogatories as directed, defendant may refile her motion.

II. Defendant's Motion for Modification of Scheduling Order

Defendant seeks an enlargement of the discovery deadlines by sixty days from the date counsel receives the court's order on her motion for sanctions. Assuming that plaintiff will respond to defendant's interrogatories as ordered, defendant's motion [doc. #67] is granted. The deadline for completion of discovery in this case is extended to December 31, 2003, and the deadline for filing dispositive motions is extended until January 30, 2004.

III. Plaintiff's Motion for Transfer

Plaintiff asks the court to order that he be transferred from Merritt Hall to Woodward Hall.[1] The defendant opposes the

---

[1] In support of his motion, plaintiff references two declarations he filed in this case and many declarations he filed in Quirk v. Mullaney, Case No. 3:00cv1042(DJS)(TPS). Plaintiff refers to Quirk v. Mullaney as a companion case. The two cases have not been consolidated and are not companion cases. Plaintiff must file in this case any document he wishes the court

3

motion on the ground that the relief requested is not related to the subject matter of this action.[2]

Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. See id.; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

The only defendant in this action is Marilyn Stuart, M.D. The allegations concern a brief period, from January 15, 2001, until March 16, 2001, during which defendant allegedly prevented plaintiff from accessing his medical records for a probate hearing scheduled for February 16, 2001, submitted a false statement that she had examined plaintiff within thirty days of March 16, 2001, and was responsible for plaintiff receiving an

---

to consider in ruling on motions filed in this case.

[2]Defendant refers the court to a May 6, 2003 ruling on pending motions presumably filed in this case. Court records reveal no such document.

incomplete copy of the application for appointment of an involuntary conservator. Plaintiff alleges that after March 16, 2001, defendant was removed as the medical director of the unit where plaintiff was living at that time and was just a treating psychiatrist. The court record reveals that defendant is no longer plaintiff's treating psychiatrist. Thus, the court concludes that plaintiff's motion, focusing on his living conditions more than two years after the last event referenced in the complaint, is not related to subject matter of this action and that the requested injunctive relief is not needed to preserve the status quo in this case.

In addition, the court notes that prior to filing this motion, plaintiff filed two versions of this same motion in another case pending in this court, <u>Quirk v. Mullaney</u>, Case No. 3:00cv1042 (DJS)(TPS). Because plaintiff's request will be considered in that case, it need not consider the same motion here. Plaintiff's motion for transfer to Woodward Hall [doc. #58] is denied.

IV. <u>Conclusion</u>

Defendant's Motion for Sanctions [**doc. #65**] is **DENIED** without prejudice to renewal should plaintiff fail to respond to the June 13, 2003 interrogatories within the time specified. Plaintiff is directed to send his responses to the June 13, 2003 interrogatories to defendant's attorney within **twenty (20) days**

from the date of this order.  Failure to comply may result in the dismissal of this case.  Plaintiff's Motion for Stay of Proceedings [doc. #64] is **DENIED**.

Defendant's Motion for Modification of Scheduling Order [doc. #67] is **GRANTED**.  If plaintiff responds to the interrogatories as directed, discovery shall be completed on or before **December 31, 2003,** and dispositive motions will be filed on or before **January 30, 2004.**

Plaintiff's Motion Enjoining the Defendants to Transfer the Plaintiff [doc. #58] is **DENIED**.

**SO ORDERED** at Hartford, Connecticut, this 28th of October, 2003.

Dominic J. Squatrito
United States District Judge