UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 JAN 27 P 12: 45
U.S. DISTRICT COURT
HARTFORD, CT.

DONALD QUIRK,
    -Plaintiff

-v-                            CIVIL No. 3:02CV1729(DJS)(TPS)

MARILYN STUART,
    -Defendant

### RECOMMENDED RULING ON DEFENDANT'S SECOND MOTION FOR SANCTIONS

The pro se plaintiff, Donald Quirk, a patient at Connecticut Valley Hospital, brought this action against the defendant under several theories. On January 16, 2004, a hearing was held before the undersigned to address the defendant's second motion for sanctions. In light of the evidence presented at the hearing, and the plaintiff's continued noncompliance with several court orders, the defendant's Second Motion for Sanctions **(Dkt. # 72)** should be **GRANTED**. As a result, the case should be dismissed.

The relevant facts are as follows. The defendant submitted interrogatories to the plaintiff on June 13, 2003. (See D.'s Mem. Supp. Mot. Sanctions, 9/9/03, at 1). When the plaintiff failed to respond within the requisite thirty days, the defendant wrote him a letter reminding him of the deadline and asking for a response

within two weeks. (See id. at 1-2). The plaintiff again failed to respond.

On September 9, 2003, the defendant filed a motion for sanctions "for an order striking plaintiff's complaint in its entirety, dismissing plaintiff's complaint in its entirety or rendering a judgment by default against plaintiff for failure to serve answers to interrogatories." (D.'s Mot. for Sanctions, 9/9/03, at 1). The court denied the motion without prejudice, ordered the plaintiff to submit his responses to the interrogatories within twenty days, and warned him that "[f]ailure to comply with this order may result in dismissal of this case." (Ruling and Order, 10/28/03, at 3).

The plaintiff failed to comply with the October 28th order. As a result, the defendant filed a second motion for sanctions reiterating her request for an order dismissing the case. (Dkt. #72). To resolve this issue, and similar issues in a concurrent case, Quirk v. Mullaney, No. 3:00cv1042(DJS)(TPS), the court held a hearing on January 16, 2004. However, despite the issuance of a writ of habeas corpus ad testificandum (Dkt. # 74) and an order to produce (Dkt. # 75), the plaintiff refused to attend. At the hearing, the defendants offered the testimony of Kelly Nichols-Johnson, Mary Zainalzand, Whitney Boynton, M.D., and Lakisha Hyatt, a registered nurse at CVH. Each testified that the plaintiff was not hindered in his ability to respond to discovery requests. Dr.

Boynton and Ms. Hyatt testified that while arrangements had been made for the plaintiff to attend the hearing, he had refused to come.

This case has gone on for a considerable amount of time. The defendants have complied with all reasonable requests and gone out of their way to assist the plaintiff. The court has seen the plaintiff ignore order after order. Absolutely nothing has impeded the plaintiff's complying with these orders. The Assistant Attorney General has cooperated and assisted in every respect. This discovery dispute has gone on for over six months. During that time, the plaintiff has filed many irrelevant and incoherent pleadings while failing to respond the defendants' reasonable discovery requests. In view of the plaintiff's continued noncompliance with discovery requests and court orders, the court recommends that the second motion for sanctions be granted and that the case be dismissed.

The plaintiff may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B); <u>Small v. Sec'y of Health & Human Servs</u>, 892 F.2d 15, 16 (2d Cir. 1989).

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 27th day of January, 2004.

                                        /s/ Thomas P. Smith
                                        THOMAS P. SMITH
                                        UNITED STATES MAGISTRATE JUDGE